# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| ACQUISITION 362, LLC DBA STRATEGIC IMPORT SUPPLY,<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES,<br><br>*Defendant*. | Before: Stephen Alexander Vaden, Judge<br><br>Court No. 1:20-cv-03762 |

## <u>OPINION</u>

[Granting Defendant's motion to dismiss for lack of subject matter jurisdiction.]

Dated: April 21, 2021

<u>Heather L. Marx</u>, Cozen O'Connor, of Minneapolis, MN, for Plaintiff Acquisition 362, LLC DBA Strategic Import Supply. With her on the brief were <u>Thomas G. Wallrich</u> and <u>Cassandra M. Jacobsen</u>.

<u>Hardeep K. Josan</u>, Trial Attorney, International Trade Field Office, Civil Division, Commercial Litigation Branch, U.S. Department of Justice, of New York, NY for Defendant United States. With him on the brief were <u>Jeffrey Bossert Clark</u>, Acting Assistant Attorney General, <u>Jeanne E. Davidson</u>, Director, Commercial Litigation Branch and Offices of Foreign Litigation and International Legal Assistance, <u>Aimee Lee</u>, Assistant Director, Commercial Litigation Branch and Offices of Foreign Litigation and International Legal Assistance, and <u>Justin R. Miller</u>, Attorney-In-Charge, International Trade Field Office. Of Counsel was <u>Paula S. Smith</u>, Office of the Assistant Chief Counsel, International Trade Litigation, U.S. Customs and Border Protection.

**Vaden, Judge:** Plaintiff Acquisition 362, LLC, doing business as Strategic

Import Supply, filed this case under Section 515 of the Tariff Act of 1930, as amended,

contesting the denial of its protests over countervailing duties. Specifically, Plaintiff

challenges a decision by U.S. Customs and Border Protection (Customs) to assess countervailing duties on the importation from the People's Republic of China (China) of certain passenger vehicle and light truck tires over the course of multiple entries throughout 2016. Compl., ECF No. 5. Before the Court is the Government's motion to dismiss for lack of subject matter jurisdiction. Def.'s Mot. to Dismiss (Def.'s Mot.), ECF No. 25. For the reasons set forth below, this Court finds that it lacks subject matter jurisdiction and grants the Government's motion.

## BACKGROUND

On August 10, 2015, the U.S. Department of Commerce (Commerce) issued a countervailing duty order regarding tires from China. *See Certain Passenger Vehicle and Light Truck Tires from the People's Republic of China*, 80 Fed. Reg. 47902 (Aug. 10, 2015). Commerce's order included tire imports from Zhongyi Rubber Company Ltd. (Zhongyi). *See* Compl. ¶ 4, ECF No. 5; 80 Fed. Reg. at 47905. Plaintiff, an importer of tires, imported tires from Zhongyi on several occasions in 2016. Compl. ¶ 7, ECF No. 5; Pl.'s Mem. of Law in Opp'n to Def.'s Mot. to Dismiss (Pl.'s Mem.) at 2, ECF No. 27. Because Plaintiff's tire imports were subject to the duties established in Commerce's 2015 order, it "deposited payment of the assessed countervailing duties at a rate of 30.61%, the rate assigned…at the time entries were made." Pl.'s Mem. at 2, ECF No. 27.

Zhongyi and other interested parties requested that Commerce initiate an administrative review of its 2015 order. *Id.* at 7; Protests and Entries from the Port

of Wilmington, NC., ECF No. 11-1 at 8 (Protest NC). Commerce agreed and published

a notice in the Federal Register on October 16, 2017. *Initiation of Antidumping and

Countervailing Duty Administrative Reviews*, 82 Fed. Reg. 48051 (Oct. 16, 2017).

Zhongyi would later withdraw its individual request for administrative review and

therefore "Commerce rescinded this review of the [countervailing duty] Order

on…tires from China with regard to Zhongyi."[1] Protest NC, ECF No. 11-1 at 8.

If an interested party, domestic or otherwise, does not request an

administrative review of the applicability of a countervailing duty order to it, the

regulations require the Secretary of Commerce to instruct Customs to assess

countervailing duties on merchandise described by the order. 19 C.F.R. § 351.212(c).

As such, Customs liquidated Plaintiff's entries between October 19, 2018 and

November 9, 2018, at the 30.61% countervailing duty rate. Compl. ¶ 11, ECF No. 5;

Summons ECF No. 1-1. Plaintiff did not file a protest of the liquidation within 180

days of its completion. *Cf.* 19 U.S.C. § 1514(c)(3).

On June 17, 2019, Commerce issued its Amended Final Results following its

administrative review of the Countervailing Duty Order. *See Countervailing Duty

Order on Certain Passenger Vehicle and Light Truck Tires from the People's Republic

of China: Amended Final Results of Countervailing Duty Administrative Review*;

---

[1] Plaintiff submits Zhongyi withdrew its request for review because it was a non-selected company under review under an alternative company name, Dongying Zhongyi Rubber Co., Ltd. Plaintiff further submits "Zhongyi and Dongying Zhongyi are one in the same company." Protest NC, ECF No. 11-1 at 8.

2016, 84 Fed. Reg. 28011 (June 17, 2019) (Amended Final Results); Pl.'s Mem. at 2,

ECF No. 27. The Amended Final Results concluded that the applicable countervailing

duty amount should be nearly cut in half — from 30.61% to 15.56%. *Id.* at 28012.

The International Trade Administration (ITA) issued Message No. 9184301 to

Customs on July 3, 2019, instructing Customs to liquidate the relevant entries at the

newly calculated rate.[2] Pl.'s Mem. at 3, ECF No. 27; *Liquidation instructions for*

*passenger vehicle and light truck tires from the People's Republic of China for the*

*period of 01/01/2016 through 12/31/2016*, ITA Message No. 9184301 (July 3, 2019)

available at https://aceservices.cbp.dhs.gov/adcvdweb/#9184301 (last visited Apr. 16,

2021).

Plaintiff filed protests on December 12 and December 13, 2019, for each

already liquidated entry for its 2016 tire imports. Pl.'s Mem. at 4. Customs denied

Plaintiff's protests as untimely and emailed the rejection notices to Plaintiff on April

24, 2020. Protests, ECF Nos. 11 to 21, 24. Plaintiff argues the protests were timely

as they were filed within 180 days of Customs' decision not to apply an amended

countervailing duty rate after receipt of instructions from the the ITA to assess amended

---

[2] Commerce normally determines the rates for non-selected companies in reviews in a manner that is consistent with section 705(c)(5) of the Tariff Act of 1930, which provides instructions for calculating the all-others rate in an investigation. For non-selected companies subject to review by Commerce's administrative review, the ITA calculates the appropriate countervailing duty rate. This non-selected rate is the catch-all rate that would apply to companies not selected for individual examination by Commerce in an administrative review. 19 U.S.C. § 1671d(c)(1)(B)(i)(I). Plaintiff has not challenged Commerce's rate determination.

duty rates. Plaintiff subsequently commenced this action on October 15, 2020, to challenge the denial of the protests. Summons, ECF No. 1.

The Government moves to dismiss Plaintiff's Complaint. It argues that 19 U.S.C. § 1514(a) enumerates the Customs decisions that are protestable, a prerequisite to asserting jurisdiction under 28 U.S.C. § 1581(a). Unless a party files a protest of those enumerated actions within the required time limits, Customs' decision becomes final and conclusive. *See* 19 U.S.C. § 1514. The Government claims that Plaintiff's challenge to Customs' "decision" not to apply the amended countervailing duty rates to Plaintiff's already liquidated entries is not a valid claim under section 1514 because Customs made no decision that may now be challenged. *See* Def.'s Reply in Supp. of Mot. to Dismiss (Def.'s Reply) at 9, ECF No. 28. To the Government, it is simple:  Because Plaintiff's protests arrived more than 180 days after the liquidations, Plaintiff is precluded from challenging the denial of its untimely protests now that Commerce has agreed the duty rate should be less. *See* Def.'s Mot. at 12, ECF No. 25. Accordingly, the Government argues that this Court lacks subject-matter jurisdiction to hear Plaintiff's case.

## STANDARD OF REVIEW

"[A] court's subject-matter jurisdiction defines its power to hear cases." *Lightfoot v. Cendant Mortgage Corp.,* 137 S. Ct. 553, 560 (2017). To adjudicate a case, a court must have subject-matter jurisdiction over the claim presented. *See Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94-95 (1998). Even where the parties

themselves fail to raise the issue, "federal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis of Kentucky, Inc. v. Creation Ministries Int'l., Ltd.,* 556 F.3d 459, 465 (6th Cir. 2009); *see also Capron v. Van Noorden*, 6 U.S. (2 Cranch) 126, 127 (1804) ("[I]t [is] the duty of the Court to see that they had jurisdiction, for the consent of the parties could not give it."). "[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the [claim] in its entirety." *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 514 (2006).

This Court's jurisdiction under 28 U.S.C. § 1581(a) provides for "exclusive jurisdiction of any civil action commenced to contest the denial of a protest, in whole or in part, under section 515 of the Tariff Act of 1930." Section 1581(a) grants this Court jurisdiction over Customs' denial of protests and "'provides no jurisdiction for protests outside the [ ] exclusive categories' listed in 19 U.S.C. § 1514(a)." *Sunpreme Inc. v. United States,* 892 F.3d 1186, 1191 (Fed. Cir. 2018) (quoting *Mitsubishi Elecs. Am., Inc. v. United States,* 44 F.3d 973, 976 (Fed. Cir. 1994)) (brackets in original). A plaintiff bears the burden of establishing subject-matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). In resolving disputed predicate jurisdictional facts, this Court may review evidence extrinsic to the pleadings. *Shoshone Indian Tribe of Wind River Reservation, Wyo. v. United States,* 672 F.3d 1021, 1030 (Fed. Cir. 2012).

This Court's jurisdiction is limited furthermore to cases in which the United States has waived sovereign immunity and consented to suit. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). Consent cannot be implied "but must be unequivocally expressed." *Id.* Without jurisdictional statutes enacted by Congress authorizing suit against the United States, there would be no jurisdiction to entertain claims against the United States. *Id.* Plaintiff must demonstrate that its claims come within the confines of the statutory conditions set by Congress. *Ruckelshaus v. Sierra Club,* 463 U.S. 680 (1983) (holding that waivers of immunity authorized by statute must be construed strictly in favor of the sovereign and not enlarged beyond what the language requires).

## DISCUSSION

Plaintiff claims jurisdiction under 28 U.S.C. § 1581(a), asserting it "is protesting the decision by U.S. Customs and Border Protection…to ignore the mandate of the Amended Final Results issued by the U.S. Department of Commerce…and instructions from the International Trade Administration." Pl.'s Mem. at 1, ECF No. 27; Compl. ¶ 2, ECF No. 5. Although Plaintiff acknowledges it filed the protests with Customs later than 180 days after liquidation, it argues the 180-day clock should not have begun at the time of liquidation. *See* Pl.'s Mem. at 7, ECF No. 27. Instead, Plaintiff argues its protests were timely because they were filed within 180 days of Customs' receipt of instructions from Commerce. *Id.* at 7. The Government responds that, because Plaintiff's protests were filed more than 180 days

after liquidation, the protests are untimely and fail to meet the requirements necessary to establish jurisdiction before this Court. *See* Def.'s Mot. at 6, ECF No. 25; Def.'s Reply at 4, ECF No. 28. As both sides acknowledge the jurisdiction-robbing 180-day deadline to file a valid protest, the dispute here is over when that 180-day time period begins.

## I

Although 28 U.S.C. § 1581(a) provides for exclusive jurisdiction to contest the denial of a protest under 19 U.S.C. § 1515, there are procedural prerequisites to obtaining that jurisdiction. Section 1514 provides those prerequisites necessary to establish a valid challenge of a protest denial. 19 U.S.C. § 1514. It provides that all Customs decisions, including liquidation, become final unless a party files a protest. 19 U.S.C. § 1514(a). The section then identifies the decisions that are subject to protest:

> [D]ecisions of the Customs Service, including the legality of all orders and findings entering into the same, as to
>> (1) the appraised value of merchandise;
>> *(2) the classification and rate and amount of duties chargeable;*
>> (3) all charges or exactions of whatever character within the jurisdiction of the Secretary of the Treasury;
>> (4) the exclusion of merchandise from entry or delivery or a demand for redelivery to customs custody under any provision of the customs laws, except a determination appealable under section 1337 of this title;
>> *(5) the liquidation or reliquidation of an entry, or reconciliation as to the issues contained therein, or any modification thereof;*
>> (6) the refusal to pay a claim for drawback; or

> (7) the refusal to reliquidate an entry under section 1520(c) of this title;
>
> shall be final and conclusive upon all persons...unless a protest is filed in accordance with this section, or unless a civil action contesting the denial of a protest, in whole or in part, is commenced in the United States Court of International Trade....

19 U.S.C § 1514(a) (emphasis added to identify the Customs decisions relevant to the present matter). The same section establishes time limits for protesting a Customs decision. 19 U.S.C. § 1514(c). A valid protest must be filed within 180 days of the Customs decision. *Id.* Taken together, these two sections mean "a protest must have been timely filed under 19 U.S.C. § 1514(c)(3) for this Court to obtain jurisdiction over a suit that contests its denial." *US JVC Corp. v. United States*, 15 F. Supp. 2d 906, 909 (CIT 1998); *accord Mitsubishi Elecs. Am., Inc. v. United States*, 44 F.3d 973 (Fed. Cir. 1994).

Plaintiff urges the Court to consider the protests timely "because they were filed within 180 days following the issuance of the decision to implement the Amended Final Results" supplied by Commerce to Customs. Pl.'s Mem. at 7, ECF No. 27. Herein lies the problem with Plaintiff's argument that Customs' receipt of amended countervailing duty rates from Commerce is a Customs decision that triggers the 180-day time period. This Court has held, and the Federal Circuit has affirmed, that determinations of countervailing duty and antidumping duty rates are not Customs decisions but rather Commerce decisions. *See, e.g.*, *Mitsubishi Elecs, Am.*, 44 F.3d at 977 (holding that decisions about the rate of an antidumping duty

are made by Commerce and Customs' role is to apply Commerce's instructions).

Customs holds but a ministerial role in implementation once these rate decisions are

shared with it. *Id.* Therefore, the Plaintiff cannot carry its burden because it cannot

(and has not) identified a Customs decision that it timely protested. *See Sunpreme,*

892 F.3d at 1192–94; *Mitsubishi Elecs. Am.*, 44 F.3d at 975, 977-78. If the Plaintiff

sought to challenge Commerce's imposition of countervailing duties or its

determination of a countervailing duty rate, an action should have been brought

before this Court under its 28 U.S.C. § 1581(c) jurisdiction and not its § 1581(a)

jurisdiction, as Plaintiff has done here.[3] *See* 19 U.S.C. § 1516a.

## II

The application of the allegedly improper countervailing duty rates to

Plaintiff's entries occurred from October 19 through November 9, 2018, when

Customs liquidated Plaintiff's entries. Summons at 4, ECF No. 1; Def.'s Mot. at 2,

ECF No. 25. A timely protest of Customs' liquidation had to be filed within 180 days

of that liquidation. 19 U.S.C. § 1514. Plaintiff acknowledges filing outside the 180-

---

[3] Because Zhongyi withdrew its request to Commerce to review the countervailing duty order, Customs assessed the countervailing duties on these non-reviewed entries in accordance with the final determination in effect at the time of entry. *See Capella Sales & Servs. Ltd. v. United States, Aluminum Extrusions Fair Trade Comm.*, 878 F.3d 1329, 1335 (Fed. Cir. 2018) ("We do not question the authority of [Commerce], pursuant to its regulation, to liquidate entries…at the rate set in the original antidumping duty order when there has been no challenge to the validity of that order and no request for annual review.") (quoting *Asociacion Colombiana de Exportadores de Flores v. United States*, 916 F.2d 1571, 1577 (Fed. Cir. 1990)) (omission and alteration in original).

day post-liquidation time period. *See* Pl.'s Mem. at 9, ECF No. 27. Therefore, even if the Court were to assume that the protests Plaintiff filed were valid, this Court lacks jurisdiction over the denial of Plaintiff's protests because of their untimeliness.

## CONCLUSION

Plaintiff's challenge before this Court fails for two separate reasons. First, by using a protest against Customs to dispute a determination made by Commerce, Plaintiff has invoked the wrong jurisdictional statute. *Compare* 28 U.S.C. § 1581(a) (providing jurisdiction over denials of Customs protests) *with* 28 U.S.C. § 1581(c) (providing jurisdiction for challenges to determinations of countervailing duty rates by Commerce). Second, Plaintiff's admission that it filed its protests more than 180 days after Customs liquidated its entries also proves fatal. Were Plaintiff's protests permissible, they would be untimely and thus deprive the Court of jurisdiction. Either reason is sufficient to require dismissal; and for both the foregoing reasons, Defendant's motion to dismiss is **GRANTED**.

/s/      Stephen Alexander Vaden
Stephen Alexander Vaden, Judge

Dated: April 21, 2021
       New York, New York