UNITED STATES COURT OF INTERNATIONAL TRADE

_____
                                                          )
Acquisition 362, LLC dba                  )
Strategic Import Supply,                     )
                                                          )
           Plaintiff,                 )      Court No. 1:20-cv-03762
                                                          )      Honorable Stephen Alexander Vaden
v.                                                      )
                                                          )
United States,                                    )
                                                          )
           Defendant.              )
_____)

**ORDER**

Upon review of Plaintiff's Motion for Reconsideration of this Court's Order Granting Defendant's Motion to Dismiss, Defendant's opposition thereto, and upon consideration of all other papers and proceedings had herein, it is hereby:

**ORDERED** that Plaintiff's Motion is GRANTED. Plaintiff's Complaint is reinstated. Plaintiff is granted leave to amend its Complaint within fourteen (14) days of the date of this Order. Defendant shall have twenty (20) days after Plaintiff's service of its Amended Complaint to serve and file its responsive pleading.

                                                                                                                            _____
                                                                                                                            The Honorable Stephen Alexander Vaden

Dated: _____

                                                                                                                            New York, New York

## UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| Acquisition 362, LLC dba Strategic Import Supply, )<br><br>Plaintiff, )<br><br>v. )<br><br>United States, )<br><br>Defendant. ) | Court No. 1:20-cv-03762<br>Honorable Stephen Alexander Vaden |

## **PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECONSIDERATION**

Thomas G. Wallrich
Heather L. Marx
Cassandra M. Jacobsen
Cozen O'Connor
33 South Sixth Street, Suite 3800
Minneapolis, MN 55402
Telephone: 612-260-9000

*Attorneys for Plaintiff*

May 19, 2021

**Table of Contents**

BACKGROUND ........................................................................................................................... 1

ARGUMENT ................................................................................................................................. 3

I. STANDARD OF REVIEW ............................................................................................... 3

II. THE NEWLY-DISCOVERED EVIDENCE CONFIRMS PLAINTIFF'S PROTESTS WERE TIMELY AND THAT THIS COURT HAS SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. § 1581(a)................................................................................................. 4

III. THE NEWLY-DISCOVERED EVIDENCE CONFIRMS CBP ACTED IN A MANNER THAT NOW GIVES THIS COURT SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. 1581(i), AND AN AMENDMENT TO PLAINTIFF'S COMPLAINT SHOULD BE ALLOWED. ................................................................................................................... 5

CONCLUSION .............................................................................................................................. 8

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Peerless Clothing Int'l, Inc. v. United States*,
 637 F. Supp. 1253 (2009) ...................................................................................................3

*United States v. Inn Foods, Inc.*,
 276 F.Supp.2d 1359 (CIT 2003) .........................................................................................3

*United States v. UPS Customhouse Brokerage, Inc.*,
 714 F. Supp. 2d 1296 (2010) ..............................................................................................3

**Statutes**

28 U.S.C. §1581(i) ...................................................................................................................3, 5, 8

28 U.S.C. §1581(a) .........................................................................................................................4, 8

**Other Authorities**

*Countervailing Duty Order on Certain Passenger Vehicle and Light Truck Tires
from the People's Republic of China: Amended Final Results of Countervailing
Duty Administrative Review; 2016*, 84 FR 28011 (June 17, 2019) ................................2, 4, 5, 6, 7

19 C.F.R. § 174.12(e) .................................................................................................................4, 5

Rule 59 ...........................................................................................................................................3

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| Acquisition 362, LLC dba<br>Strategic Import Supply,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>United States,<br><br>　　　　　Defendant. | Court No. 1:20-cv-03762<br>Honorable Stephen Alexander Vaden |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR RECONSIDERATION**

Plaintiff Acquisition 362, LLC dba Strategic Import Supply ("Plaintiff") submits this memorandum in support of its motion for reconsideration, respectfully requesting that this Court reconsider its dismissal of Plaintiff's Complaint for lack of subject matter jurisdiction. (Dkt. No. 30.) Due to new evidence recently brought to light, this Court should reinstate Plaintiff's Complaint, allow for amendment of Plaintiff's Complaint to provide for alternative grounds for subject matter jurisdiction, and allow the case to proceed on the merits.

**BACKGROUND**

When Plaintiff responded to Defendant's motion to dismiss, it, through no fault of its own or lack of reasonable diligence, did not have knowledge of essential facts that, if presented to this Court, would have changed this Court's April 21, 2021 ruling dismissing Plaintiff's Complaint. Because those facts have now been discovered, they are presented here and are the reason Plaintiff requests the Court reconsider its prior dismissal.

On August 5, 2020, Plaintiff filed a protest (Protest No. 160120103706) with the U.S. Customs and Border Protections ("CBP") on the same grounds as argued in the protests at issue in

the instant case. Specifically, in filing Protest No. 160120103706, Plaintiff argued to CBP that, according to the *Countervailing Duty Order on Certain Passenger Vehicle and Light Truck Tires from the People's Republic of China: Amended Final Results of Countervailing Duty Administrative Review; 2016*, 84 FR 28011 (June 17, 2019) (the "Amended Final Results"), the correct CVD rate to be applied to entries from manufacturer Shandong Zhongyi Rubber Co., Ltd. ("Zhongyi") was 15.56%, not the 30.61% CVD rate Plaintiff actually paid upon entry. (*See* Declaration of Heather Marx at Exh. 1 thereto.) This is the identical argument Plaintiff presented to CBP regarding the protests at issue in this case. Because Protest No. 160120103706 had not been denied at the time Plaintiff filed this case, it was not included in the protests at issue here, despite the fact that Plaintiff's argument to CBP for a refund of overpaid CVD rates was identical.

The week after this Court dismissed Plaintiff's Complaint in this action, CBP issued its decision on Protest No. 160120103706, agreeing with Plaintiff's position that the incorrect CVD rate was initially assessed, assessing a rate of 15.53%, and issuing Plaintiff a refund. (*See id.* at Exh. 2 thereto.) Of particular note in CBP's new determination is not only that CBP agreed that the initial CVD rate assessment was incorrect, but also that CBP did not deny Protest No. 160120103706 as untimely. (*See id.*)

This newly-discovered evidence warrants reconsideration of the Court's Order dismissing Plaintiff's action here for two reasons. First, this new evidence is an indication that the protests at issue are timely and properly before this Court, given that an identical argument presented to CBP has now been accepted and not been determined untimely. Alternatively, and perhaps even more importantly, the newly-discovered evidence demonstrates that the CBP acted in an arbitrary and capricious manner with regard to the underlying protests (denying some while granting another, despite identical content) and now provides this Court subject matter jurisdiction under 28 U.S.C.

§1581(i). In either event, the Court has subject matter jurisdiction, and the case should be reinstated and allowed to proceed.

## LEGAL ARGUMENT

### I. STANDARD OF REVIEW

Plaintiff moves the Court to reconsider, alter, or amend its prior decision pursuant to Rule 59(a)(1)(B), which is the ordinary mechanism for requests for reconsideration in this venue. *See, e.g., United States v. UPS Customhouse Brokerage, Inc.*, 714 F. Supp. 2d 1296, 1300 (2010). Under its Rules, the Court may rehear a decision "for any reason for which a new trial has heretofore been granted in a suit in equity in federal court." USCIT R. 59(a)(1)(B). The grant of a motion for reconsideration is within the sound discretion of the Court. *See* 714 F. Supp. 2d at 1300 (*citing Yuba Nat. Res., Inc. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990)).

"Reconsideration or rehearing of a case is proper when 'a significant flaw in the conduct of the original proceeding [exists], such as (1) an error or irregularity in the trial; (2) a serious evidentiary flaw; (3) a discovery of important new evidence which was not available even to the diligent party at the time of trial; or (4) an occurrence at trial in the nature of an accident or unpredictable surprise or unavoidable mistake which impaired a party's ability to adequately present its case, and must be addressed by the Court." *United States v. Inn Foods, Inc.*, 276 F.Supp.2d 1359, 1360-61 (CIT 2003). The purpose of a Rule 59 motion is not to reargue the case, but to correct any "significant flaw" in the prior decision. *Peerless Clothing Int'l, Inc. v. United States*, 637 F. Supp. 1253, 1256 (2009).

## II. THE NEWLY-DISCOVERED EVIDENCE CONFIRMS PLAINTIFF'S PROTESTS WERE TIMELY AND THAT THIS COURT HAS SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. § 1581(a).

The evidence that has been produced since the issuance of the Order of dismissal in this matter undeniably confirms that CBP did not deny Protest No. 160120103706 on the basis of untimeliness, despite that protest being filed on the same basis as the protests underlying the instant action and well beyond 180 days after the Amended Final Results were issued. (*See* Declaration of Heather Marx at Exhs. 1 and 2.)

Identical to the protests at issue here, with regard to the entry at issue in Protest No. 160120103706, Plaintiff had no claim for refund (nor did CBP have authority to issue refunds) prior to the issuance of ITA's July 3, 2019 Message to CBP directing the implementation of the Amended Final Results. The sole difference between Protest No. 160120103706 and the protests at issue in this matter is that CBP chose to not liquidate the entry (or rule upon Plaintiff's protest) in Protest No. 160120103706 until a later date than those protests at issue in this matter.  However, CBP did not indicate in its most recent ruling on Protest No. 160120103706 which provision of 19 C.F.R. §174.12(e) it relied on in determining that Protest No. 160120103706 was not untimely. As set forth in detail in Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss (Dkt. 27), 19 C.F.R. §174.12(e) allows protests to be made "within 180 days of a decision relating to an entry made on or after December 18, 2004, after any of the following… (1) The date of the notice of liquidation or reliquidation, or the date of liquidation or reliquidation, as determined under §§ 159.9 or 159.10 of this chapter; [*OR*] (2) The date of the decision, involving neither a liquidation nor reliquidation, as to which the protest is made." 19 C.F.R. §174.12(e) (emphasis supplied). One subdivision of this regulation is as valid as the others, and if CBP is now determining that a protest made within 180 days of ITA's July 3, 2019 Message to

4

CBP directing the implementation of the Amended Final Results is not untimely, others made on an identical bases should also be timely and should trigger this Court's subject matter jurisdiction.

Given the new evidence provided by CBP's lack of denial of Protest No. 160120103706 as untimely, and its agreement to do as Plaintiff requested and reduce the CVD rate applicable to Zhongyi, this Court should reinstate Plaintiff's Complaint and allow this matter to proceed on the merits.

### III. THE NEWLY-DISCOVERED EVIDENCE CONFIRMS CBP ACTED IN A MANNER THAT NOW GIVES THIS COURT SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. 1581(i), AND AN AMENDMENT TO PLAINTIFF'S COMPLAINT SHOULD BE ALLOWED.

Independent from its impact on the issue of Plaintiff's timeliness under 19 C.F.R. §174.12(e), the newly-discovered evidence also indicates that Plaintiff should be given leave to amend its Complaint to state a claim in the alternative under 28 U.S.C. §1581(i)(1)(D). The mere fact that the same merchandise that entered on or around the same date, from the same manufacturer to the same importer, and regarding which Plaintiff has presented identical arguments for assessment of the proper CVD rate are actually subject to *different* CVD rates is unjust and illustrates the arbitrary and capricious actions of the CBP in reviewing these protests. This new evidence provides basis for Plaintiff to assert a claim challenging CBP's improperly arbitrary and capricious administration of the Amended Final Results and the arbitrary treatment of Plaintiff's entries and assignment of the improper CVD rate.

As the Court is well aware, 28 U.S.C. §1581(i)(1) provides this Court jurisdiction of any civil action commenced against the United States, its agencies, or its officers, that arises out of any law of the United States providing for: "(A) revenue from imports or tonnage; (B) tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue; (C) embargoes or other quantitative restrictions on the importation of merchandise for reasons

other than the protection of the public health or safety; or (D) administration and enforcement with respect to the matters referred to in subparagraphs (A) through (C) of this paragraph and subsections (a)–(h) of this section."

Here, the striking inconsistencies in CBP's determinations demonstrate that CBP has failed to apply the appropriate duties to the importation of Plaintiff's entries. Protest No. 160120103706 raised the exact same issues as the protests involved in this case. All the protests, both Protest No. 160120103706 and those involved here, properly raise the issue that, through the issuance of the Amended Final Results, Plaintiff's entries were assigned a CVD rate of 15.56% for the 2016 period in which Plaintiff imported tires from this manufacturer and paid the then-assessed CVD rate of 30.61%. *See* Message No. 9184301 (July 3, 2019).

> The Amended Final Results stated, in relevant part:
>
>> Commerce intends to issue assessment instructions to U.S. Customs and Border Protection (CBP) 15 days after the date of publication of these amended final results of review, to liquidate shipments of subject merchandise entered, or withdrawn from warehouse, for consumption, on or after January 1, 2016 through December 31, 2016, at the ad valorem rates listed above.
>>
>> Commerce also intends to instruct CBP to collect cash deposits of estimated countervailing duties, in the amounts shown above for the companies listed above on shipments of subject merchandise entered, or withdrawn from warehouse, for consumption on or after April 25, 2019, the date of publication of the Final Results. For all non-reviewed firms, we will instruct CBP to collect cash deposits at the most-recent company specific or all-others rate applicable to the company, as appropriate. These cash deposit requirements, when imposed, shall remain in effect until further notice.

84 FR 28011 (June 17, 2019).

Once the Amended Final Results were determined, the ITA issued Message No. 9184301 to CBP on July 3, 2019, instructing CBP to assess CVD liability, in relevant part, to Zhongyi at the rate of 15.56%. *See* Message No. 9184301 (July 3, 2019). Of importance, Message No.

6

9184301 states "[n]otice of the lifting of suspension of liquidation of entries of merchandise covered by this message occurred with the publication of the amended final results of administrative review of the countervailing duty order on passenger vehicle and light truck tires from the People's Republic of China (C-570-017) for the period 01/01/2016 through 12/31/2016 (84 FR 28011, 06/17/2019)." *Id.* Furthermore, Message No. 9184301 specifically lists the "Notice of Lifting of Suspension Date" as June 17, 2019. *Id.*

Message No. 9184301 also provides that the assessment of CVD by CBP on shipments or entries of merchandise affected by the Amended Final Results is subject to the provisions of section 778 of the Tariff Act of 1930, as amended. *See* Message No. 3184301 (July 3, 2019). Section 778 requires that CBP pay interest on overpayments or assess interest on underpayments of the required amounts deposited as estimated CVD. *See id.* The rate at which such interest is payable is the rate in effect under section 6621 of the Internal Revenue Code of 1954 for such period. *See id.*

However, despite the clear instructions provided by Commerce, CBP exceeded its authority and acted in an arbitrary and capricious manner in regard to the implementation of ITA's decisions reflected in Messages 9184301 and 3184301. It did so in two distinct manners: first by applying the incorrect liquidation date and also by applying inconsistent and incorrect CVD rates to Plaintiff's entries. This arbitrary and capricious behavior only came to light upon Plaintiff's receipt of the decision concerning Protest No. 160120103706, wherein CBP took action in direct contrast to its prior actions and decided now to properly implement ITA's decision rather than ignore Commerce's instructions, prematurely liquidate entries, and apply a wholly incorrect rate of entry as it had done previously. Given CBP's arbitrary and capricious behavior that is now demonstrated

7

by this newly-discovered evidence, Plaintiff should be entitled to leave to amend its Complaint to state a claim in the alternative for relief under 28 U.S.C. §1581(i).

## **CONCLUSION**

CBP has taken action since the issuance of this Court's Order dismissing Plaintiff's Complaint that should cause reconsideration of the Court's Order for dismissal. At the time it rendered its opinion, this Court did not have the benefit of CBP's newly-determined position that Plaintiff's argument regarding the assessment of the CVD rate to imports from Zhongyi is not untimely and should result in a refund of the improperly-inflated CVD rate Plaintiff has paid. Further, the Court did not have the benefit of understanding that CBP has now taken conflicting positions on Plaintiff's arguments, which demonstrate an improper arbitrary and capricious exercise and should now be remedied. Given the subject matter jurisdiction that exists under either 28 U.S.C. §1581(a) or 28 U.S.C. §1581(i), Plaintiff respectfully requests that the Court reconsider its prior determination and either find subject matter jurisdiction exists now or through the permissible amendment of Plaintiff's Complaint.

Respectfully submitted,

Dated:  May 19, 2021

COZEN O'CONNOR

By: /s/ Heather L. Marx                           .
Thomas G. Wallrich
Heather L. Marx
Cassandra M. Jacobsen
33 South Sixth Street, Suite 3800
Minneapolis, MN 55402
Telephone:  612-260-9000
Fax:  612-260-9084
twallrich@cozen.com
hmarx@cozen.com
cjacobsen@cozen.com

ATTORNEYS FOR PLAINTIFF ACQUISITION 362, LLC DBA STRATEGIC IMPORT SUPPLY

9

## **CERTIFICATE OF COMPLIANCE**

I, Heather L. Marx, an attorney for Plaintiff who is responsible for Plaintiff's Memorandum in Support of its Motion for Reconsideration, dated May 19, 2021, relying upon the word count feature of the word processing program used to prepare Plaintiff's memorandum, certify that this memorandum complies with the word count limitation under the Court's chambers procedures, and contains 2,282 words.

    /s/ Heather L. Marx    .