UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE:  THE HONORABLE STEPHEN ALEXANDER VADEN
_____

| | | |
|---|---|---|
| ACQUISITION 362, LLC dba | : | |
| STRATEGIC IMPORT SUPPLY | : | |
| | : | |
| Plaintiff, | : | Court No. 20-03762 |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES, | : | |
| | : | |
| Defendant. | : | |

_____:

## DEFENDANT'S RESPONSE IN OPPOSITION TO
## PLAINTIFF'S MOTION FOR RECONSIDERATION

Pursuant to Rule 59 of the rules of this Court (USCIT R.), defendant, the United

States, respectfully submits this response in opposition to the motion filed by plaintiff,

seeking reconsideration of the Court's decision and order dismissing plaintiff's complaint

for lack of subject matter jurisdiction.  Dkt. No. 31.  Because plaintiff is merely

attempting to relitigate arguments that it has already raised and has failed to demonstrate

any error, much less a manifest error in the Court's decision, the Court should deny

plaintiff's motion.

## INTRODUCTION

The Court correctly dismissed plaintiff's complaint for lack of jurisdiction under

28 U.S.C. § 1581(a) because plaintiff failed to timely protest the liquidation of the entries

at issue.  *See* Slip Op. 21-46; Dkt. Nos. 29, 30.  Plaintiff's arguments urging the Court to

reconsider this decision or, alternatively, to allow it to amend its complaint to include

jurisdiction under 28 U.S.C. § 1581(i) are unavailing.  The "newly-discovered evidence"

plaintiff relies upon regarding U.S. Customs and Border Protection's (CBP) decision

involving a different protest does not change the fact that the Court lacks jurisdiction over this action. Thus, as discussed below, the Court should deny plaintiff's motion for reconsideration.

## ARGUMENT

## I.    Standard Of Review

Rule 59(a)(1)(B) provides that this court may "grant a new trial or rehearing on all or some of the issues – and to any party . . . after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." USCIT R. 59(a)(1)(B). The grant or denial of a motion for rehearing and modification pursuant to Rule 59 lies within the sound discretion of the Court. *USEC, Inc. v. United States*, 138 F. Supp. 2d 1335, 133-37 (Ct. Int'l Trade 2001). Furthermore, "a motion for reconsideration will not be granted merely to give a losing party another chance to re-litigate the case or present arguments it previously raised." *America Nat. Fire Ins. Co. v. United States*, Court No. 00-00022, 2006 WL 2566901 (Ct. Int'l Trade Sept. 7, 2006); *see also USEC, Inc.*, 138 F. Supp. 2d at 1337. Rather, the Court's previous decision will not be disturbed unless it is "manifestly erroneous." *USEC, Inc.*, 138 F. Supp. 2d at 1337 (internal citations omitted).

"Circumstances where a court's decision has been found to be [ ] 'manifestly erroneous' include: [ ] (1) an error or irregularity in the trial [ ] [and] (2) a serious evidentiary flaw[.]" *NSK Corp. v. United States*, 593 F. Supp. 2d 1355, 1363 (Ct. Int'l Trade Dec. 29, 2008) (quoting *Starkey Labs., Inc. v. United States*, 110 F. Supp. 2d 945, 947 (Ct. Int'l Trade June 19, 2000) (quoting *Ammex, Inc. v. United States*, 201 F. Supp. 2d 1374, 1375 (Ct. Int'l Trade May 1, 2002)). Manifest error has also been found when

2

there is "a discovery of important new evidence which was not available even to the diligent party at the time of trial [ ] or [ ] an occurrence at trial in a nature of an accident or unpredictable surprise or unavoidable mistake which impaired a party's ability to adequately present its case." *Id.*

## II.    Plaintiff Fails To Satisfy The High Burden For Reconsideration

Under the guise of "newly discovered evidence," plaintiff's motion for reconsideration merely repeats the arguments that it raised in the underlying proceeding, which were addressed and rejected by the Court in its opinion.  *See* Slip Op. 21-46. Specifically, plaintiff asks the Court to reconsider the dismissal of its complaint due to the fact that subsequent to this Court's decision, CBP granted another protest filed by plaintiff involving the same issue as in this case. Pl. Mot. at 2.  In plaintiff's view, reconsideration is warranted because "this new evidence is an indication that the protests at issue are timely and properly before this Court." *Id.*  Plaintiff's claim is without merit.

The fact that CBP granted an allegedly similar protest filed by plaintiff has no bearing on the filing of the protests at issue in this case.  First, the protests here were filed more than 180-days after liquidation in violation of 19 U.S.C. §§ 1514(a) and 1514(c)(3)(A) and were untimely.  *See* Slip Op. 21-46 at 10-11 ("Plaintiff acknowledges filing outside the 180-day post-liquidation time period.").  Further, and more importantly, in contrast to the protests at issue in this case, the protest that CBP granted and that plaintiff relies upon, was timely filed – *i.e.*, within 180 days after the entry was liquidated.  *See* Pl. Mot. at Ex. 1 (protest shows that CBP liquidated the entry on May 1, 2020 and plaintiff filed the protest on August 5, 2020).  Therefore, this "new evidence" does nothing to undermine the Court's sound conclusion that the protests were filed

3

untimely and, accordingly, deprived the Court of subject matter jurisdiction under section 1581(a) over the protest denial. Slip Op. 21-46.

Because plaintiff fails to show that this Court erred – let alone manifestly erred – in dismissing this case for lack of subject matter jurisdiction, its motion should be denied. *See USEC, Inc.*, 138 F. Supp. 2d at 1337 (denying plaintiffs motion for reconsideration because it "has not persuaded the court that any of the established grounds for reconsideration of its decision are present in this case").

## III.    Plaintiff Is Not Entitled To Amend Its Complaint To Assert Jurisdiction Under 28 U.S.C. 1581(i)

Alternatively, plaintiff seeks to amend its complaint to include jurisdiction under 28 U.S.C. § 1581(i) on the basis that "the newly-discovered evidence demonstrates that CBP acted in an arbitrary and capricious manner with regard to the underlying protests." Pl. Mot. at 2; *see also* Pl. Mot. at 5-8. Notwithstanding the fact that plaintiff improperly seeks leave to amend its complaint via a Rule 59 motion for reconsideration instead of Rule 15, plaintiff's request "to amend its Complaint to state a claim in the alternative for relief under 28 U.S.C. § 1581(i)" should nonetheless be rejected for the following reasons.

First, plaintiff cannot amend its complaint to create jurisdiction by alleging an entirely new claim based on subsequent events. *See Vietnam Finewood Co. v. United States,* 466 F. Supp. 3d 1273, 1286 (Ct. Int'l Trade 2020) (denying plaintiffs' motion for leave to file a supplemental complaint "to allege entirely new claims based on subsequent events and seek new forms of relief"). Indeed, "[l]ater events may not create jurisdiction where none existed at the time of filing." *GAF Bldg. Materials Corp. v. Elk Corp.*, 90 F.3d 479, 483 (Fed. Cir. 1996). "Rather, 'the presence or absence of

jurisdiction must be determined on the facts existing at the time the complaint under consideration was filed.'" *Id.* (quoting *Arrowhead Indus. Water, Inc. v. Ecolochem, Inc.*, 846 F.2d 731, 734 n.2, 6 U.S.P.Q.2D (BNA) 1685, 1687 n.2 (Fed. Cir. 1988)). Here, plaintiff undisputedly relies upon CBP's actions that occurred after the filing of its complaint. *See, e.g.*, Pl. Mot. at 5 ("This new evidence provides basis for Plaintiff to assert a claim challenging CBP's improperly arbitrary and capricious administration of the Amended Final Results and the arbitrary treatment of Plaintiff's entries and assignment of the improper CVD rate."). Thus, even if the Court were to consider plaintiff's asserted new evidence, plaintiff is not entitled to amend its complaint.

Second, even if the Court were to entertain an amendment to the complaint, which it should not, it would be futile because jurisdiction under 28 U.S.C. § 1581(i) would be unavailable over such a claim. It is well settled that "{s}ection 1581(i) embodies a 'residual' grant of jurisdiction, and may not be invoked when jurisdiction under another subsection of § 1581 is or could have been available, unless the remedy provided under that other subsection would be manifestly inadequate." *Sunpreme Inc. v. United States*, 892 F.3d 1186, 1191 (Fed. Cir. 2018) (citation omitted); *accord Miller & Co. v. United States*, 824 F.2d 961, 963 (Fed. Cir. 1987). "{W}hen relief is prospectively and realistically available under another subsection of 1581, invocation of subsection (i) is incorrect." *Chemsol, LLC v. United States*, 755 F.3d 1345, 1354 (Fed. Cir. 2014) (citations omitted); *see also Erwin Hymer Grp. N. Am., Inc. v. United States*, 930 F.3d 1370, 1374 (Fed. Cir. 2019) (observing that overly broad interpretation of § 1581(i) would threaten to swallow specific grants of jurisdiction contained within other subsections). The scope of jurisdiction under subsection 1581(i) "is strictly limited," and

the statutory procedures "cannot be easily circumvented." *Int'l Custom Prods., Inc. v. United States*, 467 F.3d 1324, 1327 (Fed. Cir. 2006) (citations and quotation marks omitted).

Here, plaintiff had an adequate remedy under 28 U.S.C. § 1581(a), had it filed protests in timely manner. Having failed to avail itself of the remedy that was available to it, it may not now invoke the court's residual jurisdiction and it should not be allowed to amend its complaint. Rather than address the established jurisprudence limiting invocation of section 1581(i) jurisdiction, plaintiff merely rehashes the same arguments made in its prior submissions regarding the merits of its claims. But as this Court properly held, "even if the Court were to assume that the protests Plaintiff filed were valid, this Court lacks jurisdiction over the denial of Plaintiff's protests because of their untimeliness." Slip Op. 21-46 at 11. Plaintiff cannot circumvent the requirements for jurisdiction under section 1581(a) by invoking the Court's residual jurisdiction.

## CONCLUSION

For these reasons, we respectfully request that the Court deny plaintiff's motion for reconsideration.

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

By:     /s/ Aimee Lee
AIMEE LEE
Assistant Director

/s/ Hardeep K. Josan
HARDEEP K. JOSAN
Trial Attorney
International Trade Field Office
Department of Justice, Civil Division
Commercial Litigation Branch
26 Federal Plaza, Room 346
New York, New York 10278
(212) 264-9245 or 9230

Attorneys for Defendant

Of Counsel:
Paula S. Smith
Office of the Assistant Chief Counsel
International Trade Litigation
U.S. Customs and Border Protection

June 23, 2021

7

## CERTIFICATE OF COMPLIANCE

I, Hardeep K. Josan, an attorney in the Office of the Assistant Attorney General, Civil Division, Commercial Litigation Branch, International Trade Field Office, who is responsible for the Government's response to plaintiff's motion for reconsideration, dated June 23, 2021, relying upon the word count feature of the word processing program used to prepare the memorandum, certify that this response complies with the word count limitation under the Court's chambers procedures, and contains 1,566 words.

/s/ Hardeep K. Josan