Slip Op. No. 21-120

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| ACQUISITION 362, LLC DBA STRATEGIC IMPORT SUPPLY, *Plaintiff,* v. UNITED STATES, *Defendant.* | Before: Stephen Alexander Vaden, Judge<br><br>Court No. 1:20-cv-03762 |

# OPINION AND ORDER

[Denying Plaintiff's Motion for Reconsideration and Leave to Amend Its Complaint.]

Dated: September 20, 2021

Heather L. Marx, Cozen O'Connor, of Minneapolis, MN, for Plaintiff Acquisition 362, LLC DBA Strategic Import Supply. With her on the brief were Thomas G. Wallrich and Cassandra M. Jacobsen.

Hardeep K. Josan, Trial Attorney, International Trade Field Office, Civil Division, Commercial Litigation Branch, U.S. Department of Justice, of New York, NY for Defendant United States. With him on the brief were Jeffrey Bossert Clark, Acting Assistant Attorney General, Jeanne E. Davidson, Director, Commercial Litigation Branch and Offices of Foreign Litigation and International Legal Assistance, Aimee Lee, Assistant Director, Commercial Litigation Branch and Offices of Foreign Litigation and International Legal Assistance, and Justin R. Miller, Attorney-In-Charge, International Trade Field Office. Of Counsel was Paula S. Smith, Office of the Assistant Chief Counsel, International Trade Litigation, U.S. Customs and Border Protection.

**Vaden, Judge:** On May 19, 2021, Plaintiff Acquisition 362, LLC, doing business as Strategic Import Supply, filed a motion under USCIT Rule 59(a)(1)(B) for reconsideration of the Court's April 21, 2021 decision and the accompanying

judgment that dismissed Plaintiff's case for lack of subject matter jurisdiction. *See Acquisition 362, LLC v. United States*, 517 F.Supp.3d 1318 (Ct. Int'l Trade 2021) (*Acquisition 362 I*). In that decision, the Court found that the precondition for the Court's 28 U.S.C. § 1581(a) jurisdiction, a valid protest under 19 U.S.C. § 1514, was absent; and the Court therefore lacked subject matter jurisdiction. In its Motion for Reconsideration, Plaintiff cites newly discovered evidence that it argues merits reconsideration of the Court's order dismissing its action. *See* Pl.'s Mot. for Recons. (Pl.'s Mot.) at 4, ECF No. 31. Plaintiff also seeks leave of the Court to amend its complaint to assert jurisdiction under 28 U.S.C. § 1581(i).[1] Pl.'s Mot. at 5, ECF No. 31. Defendant filed a response to Plaintiff's Motion on June 23, 2021. Def.'s Resp. in Opp'n to Pl.'s Mot. for Recons. (Def.'s Resp.), ECF No. 33. Defendant argues that Plaintiff's evidentiary arguments are without merit and that Plaintiff's request to amend its complaint is both procedurally inappropriate and futile. *See id.* Plaintiff filed a reply brief on July 14, 2021, and the Motion is ripe for consideration. Pl.'s Reply in Supp. of Mot. for Recons. (Pl.'s Reply), ECF No. 34. For the reasons that follow, Plaintiff's Motion is denied.

## BACKGROUND

The Court presumes familiarity with the facts of this case as set forth in its previous opinion, *see Acquisition 362 I*, 517 F.Supp.3d at 1320-22, and recounts those

---

[1] Plaintiff improperly seeks leave to amend its complaint via a Rule 59 motion for reconsideration rather than a Rule 15 motion to amend pleadings. Nonetheless, the Court will consider Plaintiff's request because, even if properly filed, it would fail for futility.

facts relevant to the disposition of this Motion. Plaintiff imported tires from China on several occasions throughout 2016. Compl. ¶ 7, ECF No. 5; Pl.'s Mem. of Law in Opp'n to Def.'s Mot. to Dismiss (Pl.'s Mem.) at 2, ECF No. 27. These tire imports were subject to a 2015 countervailing duty order issued by the U.S. Department of Commerce (Commerce). Consequently, Plaintiff deposited payment at the then-current countervailing duty rate – 30.61%. Pl.'s Mem. at 2, ECF No. 27. U.S. Customs and Border Protection (Customs) liquidated Plaintiff's entries between October 19, 2018 and November 9, 2018, at the 30.61% countervailing duty rate. Compl. ¶ 11, ECF No. 5; Summons, ECF No. 1-1. On June 17, 2019, Commerce concluded an administrative review, initiated by other parties, determining that the applicable countervailing duty amount for tires from China should be nearly cut in half – from 30.61% to 15.56%. *See Countervailing Duty Order on Certain Passenger Vehicle and Light Truck Tires from the People's Republic of China: Amended Final Results of Countervailing Duty Administrative Review; 2016*, 84 Fed. Reg. 28,011 (June 17, 2019); Pl.'s Mem. at 2, ECF No. 27.

In *Acquisition 362 I*, Plaintiff, claiming jurisdiction under 28 U.S.C. § 1581(a), sought to protest Customs's failure to assess the amended countervailing duties on Plaintiff's 2016 entries. Pl.'s Mem. at 1, ECF No. 27; Compl. ¶ 2, ECF No. 5. Despite acknowledging filing its protests outside the required 180-day post-liquidation time period, Plaintiff urged this Court to identify an alternative starting point for the 180-day clock. *See* Pl.'s Mem. at 7, ECF No. 27. Specifically, Plaintiff argued this Court

should recognize the date Customs received amended countervailing duty rates from Commerce as the starting date for the 180-day time period to file a valid protest. *Id.* at 7.

Defendant argued that the alleged decision Plaintiff sought to protest was not a Customs decision for which Plaintiff could assert a valid protest. *See* Def.'s Reply in Supp. of Mot. to Dismiss (Def.'s Reply) at 9, ECF No. 28. Further, because the Plaintiff failed to file its protests within 180-days of a recognized Customs decision, Defendant argued Plaintiff failed to meet the jurisdictional prerequisites necessary to bring a successful challenge before this Court under 28 U.S.C. § 1581(a). *See* Def.'s Mot. to Dismiss (Def.'s Mot.) at 12, ECF No. 25.

On April 21, 2021, the Court granted Defendant's Motion to Dismiss. *See generally Acquisition 362 I*, 517 F.Supp.3d 1318. In its decision, the Court found that the Plaintiff's challenge failed for two reasons. *Id.* First, Plaintiff invoked the wrong jurisdictional statute to challenge the actual decision with which it took issue – the countervailing duty rate determined by Commerce rather than by Customs. *Id.* at 1322-24. Second, even if Plaintiff's protests were permissible, because they were filed outside the required 180-day time period, they would be untimely and thus deprive the Court of jurisdiction. *Id.* at 1324. Plaintiff subsequently moved on May 19, 2021, for this Court to reconsider its decision in *Acquisition 362 I*. Pl.'s Mot., ECF No. 31.

Plaintiff argues that newly-discovered, previously-unavailable evidence warrants reconsideration of the Court's Order. Pl.'s Mot. at 4, ECF No. 31. Plaintiff's

newly-discovered evidence consists of a protest filed with Customs that is allegedly similar to the protests in *Acquisition 362 I* yet was decided differently. Decl. of Heather Marx in Supp. of Pl.'s Mot. for Recons. (Decl.), ECF No. 32. On May 1, 2020, Customs liquidated one of Plaintiff's entries from December 2015. Decl., ECF No. 32-1 at 2. On August 5, 2020, less than 180 days later, Plaintiff filed a protest with Customs on the same grounds argued in the protests at issue in *Acquisition 362 I*. *Id.* Nine days after this Court issued its opinion in *Acquisition 362 I*, Customs issued a decision regarding Plaintiff's August 2020 protest, assessing a lower countervailing duty rate of 15.53%.[2] Decl., ECF No. 32-2 at 2.

The Government opposes Plaintiff's Motion. *See* Def.'s Resp., ECF No. 33. It argues that Plaintiff's alleged newly-discovered evidence fails to show that the Court erred in dismissing this case for lack of subject matter jurisdiction. *Id.* at 3. Unlike the protests at issue in *Acquisition 362 I*, Plaintiff's August 2020 protest was timely filed – within 180 days of liquidation. *Id.* Therefore, the Government argues, this newly-discovered evidence fails to undermine the Court's rationale for dismissing Plaintiff's original challenge for lack of subject matter jurisdiction. *Id.*

The Government also opposes the Plaintiff's request for leave to amend its complaint to assert jurisdiction under 28 U.S.C. § 1581(i) for two reasons. Def.'s Resp.

---

[2] This rate differs from the 15.56% rate listed in Commerce's 2019 final order establishing a reduced duty. *Cf. Amended Final Results of Countervailing Duty Administrative Review*, 84 Fed. Reg. at 28,012. The discrepancy of 0.03% is not explained in the materials before the Court; however, it is immaterial to the disposition of the Motion.

at 4, ECF No. 32. First, the Government argues the Plaintiff's amendment to its complaint would improperly create jurisdiction by alleging an entirely new claim based on events after Plaintiff's filing suit. *Id.* Second, any amendment alleging jurisdiction under 28 U.S.C. § 1581(i) would be futile because such jurisdiction is not available in this case. Def.'s Resp. at 5, ECF No. 32.

## STANDARD OF REVIEW

Plaintiff moves the Court to reconsider, alter, or amend its prior decision under USCIT Rule 59(a)(1)(B), which is a mechanism for requests for reconsideration in the Court of International Trade.[3] *See United States v. UPS Customhouse Brokerage, Inc.*, 714 F. Supp.2d 1296, 1300 (Ct. Int'l Trade 2010). Under USCIT Rule 59(a)(1)(B), "The court may, on motion, grant a new trial or rehearing on all or some of the issues – and to any party… after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." USCIT Rule 59(a)(1)(B). The grant of a motion for reconsideration is within the sound discretion of the Court. *UPS Customhouse Brokerage, Inc.*, 714 F.Supp.2d at 1300 (citing *Yuba Nat. Res., Inc. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990)).

---

[3] Despite the plain text of Rule 59 referring to "actions which have been tried and gone to judgment," longstanding decisions of this Court identify Rule 59 as allegedly broad enough to include "rehearing of any matter decided by the court without a jury." *Nat'l Corn Growers Ass'n v. Baker*, 623 F.Supp. 1262, 1274 (Ct. Int'l Trade 1985). Regardless of whether USCIT Rule 59 or USCIT Rule 60 is the more textually appropriate basis for Plaintiff's Motion, this Court has the power to reconsider its prior opinion. *Compare* USCIT Rule 59(a)(1)(B) (invoked by Plaintiff here and providing for rehearing "for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court"), *with* USCIT Rule 60(b) (providing that the Court "may relieve a party or its legal representative from a *final judgment*, *order*, or proceeding" for any of the listed reasons (emphasis added)).

Reconsideration or rehearing of a case is proper when "a significant flaw in the conduct of the original proceeding" exists. *Union Camp Corp. v. United States*, 963 F.Supp. 1212, 1213 (Ct. Int'l Trade 1997) (quoting *Kerr-McGee Chem. Corp. v. United States*, 14 CIT 582, 583 (1990)). Examples include:

> (1) an error or irregularity in the trial; (2) a serious evidentiary flaw; (3) a discovery of important new evidence which was not available even to the diligent party at the time of trial; or (4) an occurrence at trial in the nature of an accident or unpredictable surprise or unavoidable mistake which impaired a party's ability to adequately present its case[,] and must be addressed by the Court.

*Id.* at 1213 (quoting *United States v. Gold Mountain Coffee, Ltd.*, 601 F.Supp. 212, 214 (Ct. Int'l Trade 1984)).

The purpose of a Rule 59 motion is not to allow the losing party to reargue its case. *Peerless Clothing Int'l, Inc. v. United States*, 991 F.Supp.2d 1335, 1337 (Ct. Int'l Trade 2014). The Court should not disturb its prior decision unless it is manifestly erroneous. *Papierfabrik August Koehler SE v. United States*, 44 F.Supp.3d 1356, 1357 (Ct. Int'l Trade 2015).

## DISCUSSION

Plaintiff requests that the Court reconsider its decision in *Acquisition 362 I*. *See* Pl.'s Mot., ECF No. 31. Plaintiff submits as new evidence a successful protest filed with Customs that Plaintiff argues is identical to the protests at issue in *Acquisition 362 I*. *See* Decl., ECF No. 32. Both the protest submitted as new evidence in this Motion and the protests at issue in *Acquisition 362 I* relate to the Plaintiff's assertion

that the countervailing duties assessed against it should have been reduced following Commerce's administrative review. *Compare* Protests, ECF Nos. 11-21, 24, *with* Decl., ECF. No 32. Customs denied the protests in *Acquisition 362 I* as untimely; therefore, no reduction in countervailing duties resulted. Protests, ECF Nos. 11-21, 24. Conversely, Customs granted the protest submitted by Plaintiff as new evidence; and Plaintiff received a reduction in the countervailing duties assessed. Decl. at 13, ECF No. 32. To the Plaintiff, the difference in results between these protests indicates Customs was incorrect in denying the original protests adjudicated in *Acquisition 362 I*.

Defendant opposes Plaintiff's Motion, arguing the Plaintiff's new evidence fails to satisfy the burden for reconsideration. Def.'s Resp. at 3, ECF No. 33. Without addressing the issues raised by the Plaintiff in each protest, the Defendant notes the important timeline differences between the original protests and the August 2020 protest submitted as new evidence. *Id.* Defendant argues the timeline differences alone are enough to reject Plaintiff's Motion. *Id.* The Defendant also objects to Plaintiff's belated attempt to assert jurisdiction under 28 U.S.C. § 1581(i). *Id.*

Plaintiff's claims failed in *Acquisition 362 I* not because of substance but because of procedure. The law requires any protest of a Customs decision to be filed within 180 days of that decision. *See* 19 U.S.C. § 1514(c). The decision at issue was Customs's liquidations of Plaintiff's entries. *Acquisition 362 I,* 517 F.Supp.3d at 1324. Filing a timely protest is a mandatory prerequisite to invoking this Court's

jurisdiction to review Customs's protest decision. *See* 19 U.S.C. § 1514(a) (providing that Customs's liquidation "shall be final and conclusive upon all persons . . . unless a protest is filed" timely); *U.S. JVC Corp. v. United States*, 15 F.Supp.2d 906, 909 (Ct. Int'l Trade 1998) ("[A] protest must have been timely filed under 19 U.S.C. § 1514(c)(3) for this Court to obtain jurisdiction over a suit that contests its denial."). Plaintiff frankly acknowledged it filed its protests more than 180 days following the entries' liquidation. Pl.'s Mem. at 9, ECF No. 27. Thus, it matters not that Customs applied the "wrong" rate; this Court lacks jurisdiction to hear Plaintiff's suit to contest the error because Plaintiff waited too long to protest.

Not so with the August 2020 protest. Customs liquidated the entry at issue on May 1, 2020. Decl., ECF No. 32-1 at 2. Ninety-six days later, Plaintiff filed its protest on August 5, 2020, well within the 180-day deadline. *See id*. Having filed both a timely protest *and* a valid protest, Plaintiff received the lower rate it sought. Decl., ECF No. 32-2 at 2. The lesson is both clear and stark: Don't sit on your rights. *See JVC Corp.*, 15 F.Supp.2d at 909. That Plaintiff later filed a timely protest of a different liquidation cannot grant the Court jurisdiction to review previous, untimely protests. Plaintiff's Motion for Reconsideration is denied.

Regarding Plaintiff's request to amend its complaint to state a new claim under Section 1581(i), Section 1581(i) embodies a "residual" grant of jurisdiction and may not be invoked when jurisdiction under another subsection of § 1581 is or could have been available. *Sunpreme, Inc. v. United States*, 892 F.3d 1186, 1191 (Fed. Cir. 2018)

(quoting *Fujitsu Gen. Am., Inc. v. United States*, 283 F.3d 1364, 1371 (Fed. Cir. 2002)). Plaintiff had at least one clear route to properly invoke this Court's jurisdiction. Had Plaintiff filed its protest within 180 days of Customs's liquidation of the challenged entries, this Court would have had jurisdiction to review Customs's decision.[4] *See JVC Corp.*, 15 F.Supp.2d at 909. Because "another subsection of § 1581 is or could have been available" and that remedy would not be "manifestly inadequate," Section 1581(i) "may not be invoked." *Sunpreme, Inc.*, 892 F.3d at 1192 (quoting *Int'l Custom Prods., Inc. v. United States*, 467 F.3d 1324, 1327 (Fed. Cir. 2006)). Plaintiff's proposed complaint amendment would be of no use, and its Motion to do so is denied as futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

## CONCLUSION

Plaintiff has failed to identify a "significant flaw" in the Court's opinion. *Cf. Union Camp Corp.*, 963 F.Supp. at 1213. It has also failed to provide a basis for invoking this Court's residual jurisdiction under Section 1581(i) via an amended complaint. Plaintiff's Motion is **DENIED.**

/s/ Stephen Alexander Vaden
Stephen Alexander Vaden, Judge

Dated: September 20, 2021
New York, New York

---

[4] In addition to jurisdiction under Section 1581(a) to protest Customs's actions, Plaintiff may also have had resort to Section 1581(c) to contest Commerce's determination of the duty rate if Plaintiff instead wished to challenge that decision. *See Acquisition 362 I*, 517 F.Supp.3d at 1324.